**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO. 6:18-CR-283-11-ADA** |
| | § | |
| **BENITO RODRIGUEZ** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE ALAN D ALBRIGHT,
       UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the district judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is the petition of the United States Probation Office recommending the revocation of the Defendant's term of supervision. The district judge referred the matter to the undersigned for the preparation of a report and recommendation.

## I.  PROCEDURAL BACKGROUND

The Defendant was convicted of Conspiracy to Possess with Intent to Distribute and Distribution of Methamphetamine, a Schedule II Controlled Substance, in violation of 21 U.S.C. § 846 {21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii)}. The Defendant was sentenced a term of one hundred and twenty (120) months imprisonment, a four (4) year term of supervised release, a $100.00 special assessment, and a $1,000.00 fine. Defendant was released to supervision on February 7, 2025.

On April 10, 2025, the United States Probation Office filed a Petition for Warrant or

Summons for Offender Under Supervision alleging that the Defendant violated the terms of his

supervision in the following ways:

> **Violation Number 1:** The defendant violated Mandatory Condition Number 1, in that he committed a new crime, in that on April 4, 2025, Mr. Rodriguez was arrested for Driving While Intoxicated/Open Alcohol Container, a Class B Misdemeanor, in violation of Texas Penal Code 49.04(c).

> **Violation Number 2:** The defendant violated the Mandatory Condition for drug testing, in that he failed to submit to drug testing to determine if he had reverted to the use of drugs, in that on March 7, 2025, Mr. Rodriguez failed to report for drug testing as instructed.

> **Violation Number 3:** The defendant violated Standard Conditions Number 2 and 3, in that he failed to refrain from the unlawful possession and use of a controlled substance, in that on March 11, 2025, Mr. Rodriguez tested positive for methamphetamine.

> **Violation Number 4:** The defendant violated Standard Condition Number 4, in that he failed to truthfully answer questions asked by the probation officer, in that he lied about illicit drug use.

> **Violation Number 5:** The defendant violated Standard Conditions Number 2 and 3, in that he failed to refrain from the unlawful possession and use of a controlled substance, in that on April 7, 2025, Mr. Rodriguez tested positive for cocaine and methamphetamine.

On June 3, 2025, the Court held a hearing on the petition. At that hearing, the Defendant

plead TRUE as to violation numbers 1, 2, 3, 4, and 5. The petition contained a sufficient factual

basis to support a plea of TRUE as to all violations.

## II.  FINDINGS OF THE COURT

Based on the sworn statements of Defendant and other testimony at the hearing, the

undersigned finds as follows:

1.    The Defendant violated the conditions of his supervision as alleged in the petition.

2.    The Defendant was competent to make the decision to enter a plea of TRUE as to the

allegations underlying violations 1, 2, 3, and 4, and 5.

3.      The Defendant had both a factual and rational understanding of the proceedings against him.

4.      The Defendant did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.

5.      The Defendant was not under the influence of any drugs, alcohol, or medication that would affect his judgment in entering a plea or that would affect his understanding of the basis, consequences, or effect of his plea.

6.      The Defendant was sane and mentally competent to stand trial for these proceedings.

7.      The Defendant was sane and mentally competent to assist his attorney in the preparation and conduct of his defense.

8.      The Defendant received a copy of the petition naming him, and he either read it or had it read to him.

9.      The Defendant understood the petition and the charges alleged against him.

10.     The Defendant had a sufficient opportunity to discuss the petition and charges with his attorney.

11.     The Defendant was satisfied with the job his attorney has done and had no complaints about his attorney.

12.     The Defendant understood that he had the right to plead NOT TRUE and proceed with a hearing at which he could present evidence and cross-examine witnesses.

13.     The Defendant freely, intelligently, and voluntarily entered his plea of TRUE.

14.     The Defendant understood his statutory and constitutional rights and desired to waive them.

15.     The petition contains a sufficient factual basis to support the Defendant's plea of TRUE as to violation numbers 1, 2, 3, 4, and 5.

## III.  RECOMMENDATION

The undersigned has carefully considered all the arguments and evidence presented by the parties and **RECOMMENDS** that the Defendant be continued on supervised release, with all of the previous conditions of supervised release contained in the Judgment in a Criminal Case (ECF No. 664 at 3-4) to continue to apply. It is further **RECOMMENDED** that the Defendant submit to in-patient or out-patient or other general substance abuse treatment as determined to be appropriate by the probation officer and that Mandatory Condition Number 3 be amended to require drug testing at a frequency as determined appropriate by the probation officer. Finally, it is **RECOMMENDED** that it be **ORDERED** that if Defendant again violates the terms of his supervised release, he be brought before the undersigned for any supervised release revocation hearing, if at all possible.

## IV.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district judge of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district judge. *See* 28 U.S.C. 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 3rd day of June, 2025.

DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE